**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

CARLOS SANCHEZ-CAMACHO,

Petitioner,

v.

MARKWAYNE MULLIN,[1] *et al.*,

Respondents.

Case No. 2:25-cv-02343-RFB-DJA

**ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY'S FEES AND COSTS UNDER THE EAJA**

Petitioner Carlos Sanchez-Camacho initiated this action in November 2025 by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 to challenge his civil detention by Respondents on statutory and due process grounds (ECF No. 1) (the "Petition"). This Court granted the Petition on December 12, 2025, ordering Petitioner be immediately released if a bond hearing pursuant to 8 U.S.C. §1226(a) was not carried out by December 18, 2025.

The matter now before this Court is Petitioner's Motion for Attorney's Fees and Costs under the Equal Access to Justice Act ("EAJA") (ECF No. 19). For the following reasons, the Court grants the motion and awards Petitioner fees and costs under the EAJA in the amount of $1,756.25.

## I. LEGAL STANDARDS

"The EAJA provides . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk of Court is instructed to substitute the named Respondents as listed in this Order, *infra* Part IV.

the position of the United States was substantially justified or that special circumstances make an award unjust.'" Medina Tovar v. Zuchowski, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). Specifically, a court must find the following to award fees and expenses: "(1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002).

"It is the government's burden to show that its position was substantially justified." Medina Tovar, 41 F.4th at 1089. "Substantially justified" means "justified to a degree that could satisfy a reasonable person." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" Id. (quoting Pierce, 487 U.S. at 565). The court examines "both the government's litigation position and the underlying agency action giving rise to the civil action." Id. Whether the government's position was substantially justified is a matter of discretion for the district court. See id. at 869.

With respect to the reasonableness of fees and costs, EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). A court may award market rates based on the limited availability of qualified attorneys when the attorneys possess (1) "distinctive knowledge and specialized skill" that was (2) "needful to the litigation in question" and (3) "not available elsewhere at the statutory rate." Nadarajah v. Holder, 569 F.3d 906, 912 (9th Cir. 2009) (citation modified).

Under Federal Rule of Civil Procedure 54(d)(2)(C), when ruling on a motion for attorney's fees, the Court "must find the facts and state its conclusions of law as provided in Rule 52(a)," meaning "the court must find the facts specially and state its conclusions of law separately." FED. R. CIV. P. 52(a)(1), 54(d)(2)(C).

## II. FINDINGS OF FACT

The Court incorporates by reference its findings of fact as set forth in the Order granting the Petition. See ECF No. 14 at 4–5. On December 12, 2025, the Court granted the Petition and ordered Petitioner be immediately released if a bond hearing pursuant to section 1226(a) was not carried out by December 18, 2025. See id. at 12. Petitioner now requests the Court award attorney's fees in the amount of $1,756.25. See ECF No. 19 at 5. Petitioner requests fees at the statutory rate adjusted for inflation and cost of living in the amount of $251.84 per hour for work completed by Counselor Bracken, and fees at an hourly rate of $90 per hour for work completed by Paralegal Betancourt, totaling $1,501.25 for the 5.3 hours of work completed by Bracken and 1.85 hours completed by Betancourt. See ECF No. 19-1 at 3. In addition, Petitioner requests costs in the amount of $255, which encompasses the habeas and *pro hac vice* filing fees. Id.

In their opposition to the Motion for Attorney's Fees, Federal Respondents assert that because the statutory question concerning immigration detention authority under 8 U.S.C. § 1226(a) and § 1225(b) was "unsettled" and actively being litigated, their position was substantially justified. ECF No. 23 at 3–4. In doing so, the government points to other district courts that have adopted the government's novel statutory interpretation, as well as the Fifth Circuit's decision, Buenrostro-Mendez v. Bondi, which also adopted the same statutory interpretation, but came out after the decision in this case was rendered. Cf. id. at 5.

However, the Court finds Respondents' opposition to the instant motion did not offer any defense, nor even address, this Court's independent due process holding. Petitioner, in his reply, argues the following: "Respondents' litigation position effectively sought to authorize prolonged civil detention of a long-term resident without any individualized assessment of flight risk or dangerousness. In light of the well-established liberty interests at stake and the procedural protections typically required in civil detention contexts, defending such a regime was not objectively reasonable." ECF No. 24 at 8.

Respondents do not contest that Petitioner is the prevailing party in this matter or that the fees and costs requested by Petitioner are not reasonable. See generally ECF No. 23. In doing so, Respondents narrow the disputed issues before the Court to the singular question of whether or not

the government's position in this matter was "substantially justified." Id. at 1.

## III. CONCLUSIONS OF LAW

Parties do not dispute that Petitioner is the prevailing party. 28 U.S.C. § 2412(d). In addition, there is no dispute that the requested fees are reasonable in this case, and the Court in its review confirms the reasonableness of the sought fees under EAJA and Ninth Circuit standards. The only remaining issue is therefore whether the government's position in this matter was "substantially justified."

As previously stated, the "position of the United States" includes both the government's litigation position and the underlying agency action giving rise to the civil action. Meier, 727 F.3d at 870. Here, the Court finds the government's position lacked a reasonable basis in law and fact because, regardless of the validity of their statutory interpretation under § 1225(b)(2)(A), Respondents failed to provide adequate justification for their position that due process is "not offended" by the agency's indefinite detention of a long-term resident arrested in the interior of the United States without *any* individualized assessment of flight risk or dangerousness. The Court finds this position is objectively unreasonable in light of existing, binding Supreme Court precedent that Respondents failed to acknowledge or address in their briefing. See Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953) (Noncitizens "who have once passed through our gates, *even illegally*, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law.") (emphasis added); Zadvydas v. Davis, 533 U.S. 678, 693 (2001) (Noncitizens who have entered our country are entitled to due process "whether their presence here is lawful, unlawful, temporary, or permanent."); Yamataya v. Fisher, 189 U.S. 86, 100–01 (1903) (The government may not deny "notice" or "an opportunity to be heard" to a noncitizen "who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here."). The government's position not only fails to reckon with these precedents, but it flies in the face of this caselaw.

Because substantial justification is evaluated with respect to the government's position as a whole, see Comm'r, INS v. Jean, 496 U.S. 154, 159 (1990), and the Court identified both

statutory and constitutional violations in this case, the government must demonstrate that its defense of both the statutory and due process positions asserted was justified. They have not.

Based on the foregoing Respondents have not met their burden to establish that their position was substantially justified under the EAJA. The Court therefore awards Petitioner $1,756.25 in attorney's fees.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Petitioner's Motion for Attorney's Fees and Costs under the EAJA is **GRANTED**. Petitioner is awarded fees and costs under the EAJA in the amount of $1,756.25. The Clerk of Court is instructed to enter judgment to include this award in favor of Petitioner.

**IT IS FURTHER ORDERED**, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk of Court will **SUBSTITUTE** (i.) Ruben Leyva for Marcos Charles; (ii.) Markwayne Mullin for Kristi Noem; and (iii.) Todd Blanche for Pamela Bondi as the named Respondents in this action and update the docket accordingly.

**DATED:** September 29, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**